**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| KATHRYN L. BRICHTO-BLAKELY, Individually and as the Representative of the Estate of RICKY N. BLAKELY, and DELIA BLAKELY-VALENTI. § § § § § Plaintiffs, § § vs. § § ATLAS AIR WORLDWIDE HOLDINGS, INC., and ATLAS AIR, INC. § § § Defendants § | C.A. NO.: _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff KATHRYN L. BRICHTO-BLAKELY, Individually and as Representative of the Estate of RICKY N. BLAKELY, and DELIA BLAKELY-VALENTI hereby file this Original Complaint against Defendants Atlas Air Worldwide Holdings, Inc. and Atlas Air, Inc., and, for causes of action, would respectfully show this Honorable Court as follows:

### I.   NATURE OF THE ACTION

1.1   This is an action for negligence, gross negligence, wrongful death, and damages arising out of the death of RICKY N. BLAKELY in the crash of Atlas Air Flight 3591 at Trinity Bay, Texas on February 3, 2019.

### II.   PARTIES

2.1   Plaintiff KATHRYN L. BRICHTO-BLAKELY is the surviving wife of RICKY N. BLAKELY, Deceased, and is a resident of Jefferson County, Indiana.

2.2   Plaintiff DELIA BLAKELY-VALENTI is the surviving daughter of RICKY N. BLAKELY, Deceased, and is a resident of Wilmington, North Carolina.

2.3   Defendant ATLAS AIR WORLDWIDE HOLDINGS, INC. is a Delaware

Corporation with its principal place of business in Purchase, New York, where it is a citizen and resident. ATLAS AIR WORLDWIDE HOLDINGS, INC. has engaged in substantial and non-isolated activity within the State of Texas, and this District, including but not limited to the maintenance and operation of its aircraft and the operation of passenger and cargo flights to and from George Bush Intercontinental Airport, Houston, Texas. Although this Defendant does business in the State of Texas for the purpose of accumulating monetary profit, it does not maintain a regular place of business nor has it designated an agent for service of process in the State of Texas. This suit arises out of ATLAS AIR WORLDWIDE HOLDINGS, INC.'s business contacts in the State of Texas. For these reasons, Plaintiffs request long-arm service of process upon ATLAS AIR WORLDWIDE HOLDINGS, INC. through the Texas Secretary of State at 1019 Brazos Street, Austin, TX 78701, pursuant to Texas Civil Practices & Remedies Code section 17.044. The Texas Secretary of State is requested to forward a copy of this Petition, along with citation, by certified mail, return receipt requested, to Defendant, ATLAS AIR WORLDWIDE HOLDINGS, INC. at its home office 2000 Westchester Avenue, Purchase, New York, 10577.

2.4    Defendant ATLAS AIR, INC. is a corporation organized and existing under the laws of Delaware with its principal place of business in Purchase, New York. Defendant ATLAS AIR, INC. is engaged in the business of air transportation of passengers and cargo for hire. It is a wholly owned subsidiary of ATLAS AIR WORLDWIDE HOLDINGS, INC. This Defendant may be served by serving its registered agent: CT Corporation System, 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136.

### III.    JURISDICTION AND VENUE

3.1    This is an action for damages substantially in excess of seventy-five thousand

dollars ($75,000.00), exclusive of interest, costs, and attorney's fees.

3.2 Jurisdiction exists over this action against Defendants pursuant to 28 U.S.C. §§ 1331 and 1332.

3.3 Jurisdiction is proper in this Court because the accident that claimed the life of RICKY N. BLAKELY occurred in this District, and a wrongful death cause of action may be brought for damages arising from an individual's death and a survival cause of action may be brought for personal injury which action survives the death of the injured person.

3.4 Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Defendants conduct significant business in this District and the accident occurred in this District.

## IV. BACKGROUND FACTS

4.1 In May 2016, Defendants entered into an agreement to operate up to twenty Boeing 767-300 aircraft for the purpose of cargo delivery throughout the United States. One of the aircrafts subject to the agreement was Boeing 767-375BCF, tail number N1217A.

4.2 On February 23, 2019, N1217A was being operated by Defendants as Atlas Air Flight 3591, to transport cargo from Miami, Florida to Houston, Texas. Atlas Air Flight 3591 had three occupants: Plaintiff Ricky N. Blakely (Captain); Conrad Jules Aska (First Officer); and Sean Archuleta ("jumpseat" passenger).

4.3 Around 12:38 p.m. (CST), Atlas Air Flight 3591 was on approach to Houston Intercontinental Airport. First Officer Conrad Jules Aska was in control of the plane, which was flying around 6,000 feet.

4.4 At some point, the autopilot system entered "go-around" mode, causing the plane's thrusters to advance and the control column to move slightly aft, with the plane stopping

its descent and beginning to climb, with increased speed.

4.5     Shortly thereafter, the control yolk was manually moved to the fully forward deflected position. Atlas Air Flight 3591 began to pitch nose down, and a Master Caution and Autopilot Caution sounded. The aircraft then entered a rapid, uncontrolled descent, reaching an airspeed of about 430 knots, before plummeting to the ground and crashing into Trinity Bay, Texas.

4.6     As a direct and proximate result of the negligence of Defendants, RICKY N. BLAKELY was killed and experienced fright, terror, fear of his impending death, multiple impacts to his body, multiple injuries, pain, and ultimately death.

## V.     CAUSES OF ACTION

### A. GROSS NEGLIGENCE

5.1     All paragraphs above are incorporated herein by reference.

5.2     Defendants committed acts and omissions, which collectively and severally constituted negligence and gross negligence. Defendants, as airline owner and operators, had the duty to exercise ordinary and reasonable care that would be used by a company of ordinary prudence under the same or similar circumstances. Defendants duties included, but are not limited to, their duty to hire, supervise, train, and retain competent pilots; to provide reasonably sufficient flight training for First Officer Conrad Jules Aska that would ensure his ability to fly the subject aircraft; to investigate Aska's prior flight and simulator performance before hiring him; to ensure Aska's capabilities to fly a Boeing 767-300 aircraft under routine and non-routine scenarios, after hiring him; and to warn other pilots of Aska's issues and deficiencies challenges in training and simulator scenarios and flying the subject aircraft.

5.3     Defendants, collectively and severally, breached those duties, and others, in at

least one or more of the following ways, which constituted negligence:

i. Failing to investigate and identify Aska's training issues, simulator issues, and other issues and deficiencies prior to being hired by Defendants;

ii. Failing to enact and/or follow policies, procedures, and industry standards to ensure that Aska was competent and qualified to fly the subject aircraft;

iii. Failing to identify and/or overlooking Aska's training and simulator issues and deficiencies, while employed by Defendants;

iv. Approving Aska to fly the subject aircraft, despite Aska's issues and deficiencies;

v. Failing to inform and warn RICKY N. BLAKELY of Aska's issues and deficiencies related to operation of the subject aircraft; and

vi. Other acts and omissions deemed negligent, to be shown at trial herein.

5.4 As a direct and proximate result of the negligence of the Defendants, by and through their employees and agents, RICKY N. BLAKELY experienced fright, terror, fear of his impending death, multiple impacts to his body, multiple injuries, pain, and ultimately the loss of his life, the loss of enjoyment of his life, loss of earning capacity, and other damages as set forth more fully below.

5.5 Plaintiffs have sustained the loss of support and pecuniary advantage, the loss of care, comfort, society, consortium, paternal nurture and care, grief, loss of companionship, and other damages, as set forth more fully below.

5.6 Plaintiffs also allege that the above acts and omissions by Defendants, taken singularly or in combination, constitute gross negligence and were the proximate cause of RICKY N. BLAKELY'S death and Plaintiffs' damages.

5.7 Defendants' acts and omissions, when viewed objectively from the Defendants' standpoint at the time such acts and omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual,

subjective awareness of the risks related to the alleged acts and omissions, but Defendants proceeded with conscious indifference to the rights, safety, and welfare of RICKY N. BLAKELY and others.

5.8     Because Defendants are liable for gross negligence, punitive and/or exemplary damages should be assessed against them in an amount to be determined by the jury, as a deterrent to future bad conduct and as a punishment for their bad acts and omissions.

## VI.    DAMAGES

6.1     All paragraphs above are incorporated herein by reference.

### A. SURVIVAL

6.2     As a result of the wrongful conduct of Defendants, as described above, Decedent RICKY N. BLAKELY suffered physical pain and mental anguish, pain, and torment prior to his death. Additionally, his Estate incurred medical and funeral expenses and past and future lost wages and earning capacity, for which Defendants are liable.

6.3     As representative of Decedent RICKY N. BLAKELY's estate, Plaintiff KATHRYN L. BRICHTO-BLAKELY asserts the above-pled causes of action against Defendants on behalf of RICKY N. BLAKELY'S estate pursuant to TEX. CIV. PRAC. & REM. CODE § 71.021 and seeks damages as set forth further below:

   a)  Mental anguish of Decedent RICKY N. BLAKELY prior to his death;

   b)  Conscious physical and emotional pain of Decedent Ricky N. Blakely prior to his death;

   c)  Decedent RICKY N. BLAKELY'S medical expenses and funeral expenses;

   d)  Decedent RICKY N. BLAKELY'S loss of earnings and loss of earning capacity in the past and the future;

   e)  Exemplary and punitive damages; and

   f)  Any and all other damages to which the Estate of RICKY N. BLAKELY may

be justly entitled both in law and in equity.

### B. WRONGFUL DEATH

6.4     Because the wrongful conduct of Defendants, as described above, caused the death of Decedent RICKY N. BLAKELY, Plaintiffs have suffered a pecuniary loss, which includes the loss of the care, maintenance, support, services and household services, advice, counsel, and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from RICKY N. BLAKELY, had he lived.

6.5     Additionally, Plaintiffs have been forced to endure a loss of a husband and a father, which means the loss of the positive benefits flowing from the love, care, comfort, consortium, companionship, household services, maintenance, support, and society that Plaintiffs, in reasonable probability, would have received from RICKY N. BLAKELY, had he lived. Plaintiffs have unfortunately experienced mental anguish, meaning emotional pain, torment, and suffering caused by RICKY N. BLAKELY'S death. This pecuniary loss, loss of companionship and society, and mental anguish, in reasonable probability, will be sustained in the future.

6.6     Because the wrongful conduct of Defendants, as described above, caused the death of RICKY N. BLAKELY and because Decedent RICKY N. BLAKELY would have a cause of action against Defendants for his injuries, if he had lived, Plaintiffs have a cause of action against Defendants to recover damages for the wrongful death of RICKY N. BLAKELY, pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.002 and 71.004, including but not limited to those damages set forth below:

      a) Past and future mental anguish;

      b) Past and future loss of consortium;

c) Past and future loss of care, maintenance, support, services, and household services;

d) Past and future loss of companionship and society;

e) Loss of inheritance;

f) Any and all damages recoverable under the Texas Wrongful Death and Texas Survival Statutes in excess of the minimum jurisdictional amount of this Court;

g) Exemplary and punitive damages;

h) Costs of suit;

i) Pre-judgment and post-judgment interest; and

j) Any and all other damages to which Plaintiffs may be justly entitled both in law and in equity.

## VII.  JURY DEMAND

7.1   Plaintiffs demand a jury trial herein.

## VIII.  PRAYER

8.1   WHEREFORE, Plaintiffs pray that citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing or final trial hereof, the Court enter judgment in their favor for actual and compensatory damages, exemplary damages in an amount to be determined by the trier of fact, costs of court, pre- and post-judgment interest at the maximum rate allowed by law, and for each other and further relief to which they may be justly entitled at law or in equity.

9.1

          Respectfully Submitted,

          **ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO, AZIZ & STOGNER**

          /*/s/ Randall O. Sorrels*

By:  Randall O. Sorrels
      Texas Bar No. 10000000
      SDTX Bar No. 11115
      rsorrels@awtxlaw.com
      Jason F. Muriby
      Texas Bar No. 24079030
      SDTX Bar No. 2078400
      jmuriby@awtxlaw.com
      800 Commerce Street
      Houston, Texas 77002
      Phone: (713) 222-7211
      Facsimile: (713) 225-0827

      **STEPP & SULLIVAN, PC**
      Dennis J. Sullivan
      Texas Bar No.  19473750
      dsullivan@ss-pc.com
      JAD J. STEPP
      Texas Bar No. 19169100
      jstepp@ss-pc.com
      5300 Memorial Drive, Suite 620
      Houston, Texas 77007
      Tel: (713) 336-7200
      Fax: (713) 336-7250

      **ATTORNEYS FOR PLAINTIFFS**