IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KATHRYN L. BRICHTO-BLAKELY, Individually and as the Representative of the Estate of RICKY N. BLAKELY , and DELIA BLAKELY-VALENTI, <br><br>  Plaintiffs, <br><br> vs. <br><br> ATLAS AIR WORLDWIDE HOLDINGS, INC., and ATLAS AIR, INC., <br><br>  Defendants | ) ) ) ) ) ) ) C.A. NO.: 3:20-cv-00087 ) ) ) ) ) ) ) ) ) |

**DEFENDANT ATLAS AIR, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT**

Defendant ATLAS AIR, INC. ("ATLAS AIR"), by and through its undersigned counsel, answers Plaintiffs' Original Complaint ("Complaint") and asserts its affirmative defenses as follows:

Each paragraph of this Answer responds to the same numbered paragraph of the Complaint. Except as otherwise expressly alleged, ATLAS AIR denies each and every allegation in the Complaint.

### I.  AS TO NATURE OF THE ACTION

1.1   This paragraph contains a characterization of Plaintiffs' Complaint, which speaks for itself, and to which no response is required. To the extent a response is required, ATLAS AIR denies the allegations in paragraph 1.1 of the Complaint.

## II. AS TO PARTIES

2.1     ATLAS AIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.1 of the Complaint, and therefore, they are denied.

2.2     ATLAS AIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.2 of the Complaint, and therefore, they are denied.

2.3     ATLAS AIR denies the allegations in paragraph 2.3 of the Complaint and leaves all questions of law for the Court.

2.4     ATLAS AIR admits the allegations in paragraph 2.4 of the Complaint

## III. JURISDICTION AND VENUE

3.1     This paragraph contains a characterization of Plaintiffs' Complaint, which speaks for itself, and to which no response is required.  To the extent a response is required, ATLAS AIR denies the allegations in paragraph 3.1 of the Complaint.

3.2     The allegations in paragraph 3.2 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ATLAS AIR denies the allegations in paragraph 3.2 of the Complaint.

3.3     The allegations in paragraph 3.3 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ATLAS AIR denies the allegations in paragraph 3.3 of the Complaint.

3.4     The allegations in paragraph 3.4 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, ATLAS AIR denies the allegations in paragraph 3.4 of the Complaint.

## IV. AS TO BACKGROUND FACTS

4.1     ATLAS AIR denies the allegations in paragraph 4.1 of the Complaint.

4.2     ATLAS AIR denies the allegations in paragraph 4.2 of the Complaint, except admits that on February 23, 2019, an aircraft with tail number N1217A was operated by ATLAS AIR as Atlas Air Flight 3591 from Miami, Florida to Houston, Texas with three occupants, Captain Ricky N. Blakely, First Officer Conrad Jules Aska, and jumpseat passenger Sean Archuleta.

4.3     Answering paragraph 4.3 of the Complaint, the investigation of the Atlas Air Flight 3591 accident by the National Transportation Safety Board ("NTSB") is ongoing, and ATLAS AIR, as a party to the NTSB investigation, is prohibited by federal law (49 C.F.R. § 831.13) from releasing information concerning the investigation at this time to any person not a party to the investigation. ATLAS AIR refers Plaintiffs to the Docket for NTSB Accident ID DCA19MA086 accessible at https://go.usa.gov/xp7gH (the "NTSB Docket"), which includes information that ATLAS AIR is unable to admit nor deny at this time.

4.4     Answering paragraph 4.4 of the Complaint, the investigation of the Atlas Air Flight 3591 accident by the NTSB is ongoing, and ATLAS AIR, as a party to the NTSB investigation, is prohibited by federal law (49 C.F.R. § 831.13) from releasing information concerning the investigation at this time to any person not a party to the investigation. ATLAS AIR refers Plaintiffs to the NTSB Docket, which includes information that ATLAS AIR is unable to admit nor deny at this time.

4.5     Answering paragraph 4.5 of the Complaint, the investigation of the Atlas Air Flight 3591 accident by the NTSB is ongoing, and ATLAS AIR, as a party to the NTSB investigation, is prohibited by federal law (49 C.F.R. § 831.13) from releasing information concerning the investigation at this time to any person not a party to the investigation. ATLAS

AIR refers Plaintiffs to the NTSB Docket, which includes information that ATLAS AIR can neither admit nor deny at this time.

    4.6    ATLAS AIR denies the allegations in paragraph 4.6 of the Complaint and leaves all questions of law for the Court.

## V. AS TO CAUSES OF ACTION

### A. AS TO GROSS NEGLIGENCE

    5.1    Answering paragraph 5.1 of the Complaint, ATLAS AIR repeats, reiterates and realleges each and every response set forth in paragraphs 1.1 through 4.6 of this Answer as if set forth in full herein.

    5.2    ATLAS AIR denies the allegations in paragraph 5.2 of the Complaint.

    5.3    ATLAS AIR denies the allegations in paragraph 5.3 of the Complaint.

    5.4    ATLAS AIR denies the allegations in paragraph 5.4 of the Complaint.

    5.5    ATLAS AIR denies the allegations in paragraph 5.5 of the Complaint.

    5.6    ATLAS AIR denies the allegations in paragraph 5.6 of the Complaint.

    5.7    ATLAS AIR denies the allegations in paragraph 5.7 of the Complaint.

    5.8    ATLAS AIR denies the allegations in paragraph 5.8 of the Complaint.

## VI. AS TO DAMAGES

    6.1    Answering paragraph 6.1 of the Complaint, ATLAS AIR repeats, reiterates and realleges each and every response set forth in paragraphs 1.1 through 5.8 of this Answer as if set forth in full herein.

### A. AS TO SURVIVAL

    6.2    ATLAS AIR denies the allegations in paragraph 6.2 of the Complaint.

6.3	This paragraph contains a characterization of Plaintiffs' Complaint, which speaks for itself, and to which no response is required. To the extent a response is required, ATLAS AIR lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 6.3 of the Complaint and leaves all questions of law for the Court.

### B. AS TO WRONGFUL DEATH

6.4	ATLAS AIR denies the allegations in paragraph 6.4 of the Complaint.

6.5	ATLAS AIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.5 of the Complaint and leaves all questions of law for the Court.

6.6	ATLAS AIR denies the allegations in paragraph 6.6 of the Complaint.

### VII.	AS TO JURY DEMAND

7.1	Plaintiffs' jury demand in paragraph 7.1 of the Complaint is solely legal in nature and requires no response thereto.

### VIII.	AS TO PRAYER

8.1	Answering the allegations contained in the entirety of Plaintiffs' prayer for relief, ATLAS AIR denies that Plaintiffs are entitled to the relief sought, or any relief.

9.1 Plaintiffs do not assert any allegations in paragraph and therefore no response is required.

### AFFIRMATIVE DEFENSES AND OTHER MATTERS

### FIRST AFFIRMATIVE DEFENSE

1.	Plaintiffs' Complaint fails to state a claim upon which relief can be granted against ATLAS AIR.

**SECOND AFFIRMATIVE DEFENSE**

2.  Plaintiffs and the alleged beneficiaries of the decedent's estate may lack capacity and/or standing to bring this action.

**THIRD AFFIRMATIVE DEFENSE**

3.  Plaintiffs' claims are barred or limited by the applicable workers' compensation law or other equivalent or applicable law governing claims by an employee against an employer.

**FOURTH AFFIRMATIVE DEFENSE**

4.  The alleged damages complained of were not proximately caused by any culpable conduct on the part of the ATLAS AIR or ATLAS AIR's employees, servants or agents.

**FIFTH AFFIRMATIVE DEFENSE**.

5.  The alleged damages complained of were caused or contributed to by the negligence or culpable conduct of parties other than ATLAS AIR and ATLAS AIR is, therefore, not liable to Plaintiffs, or alternatively, the amount of damages recoverable by Plaintiffs must be diminished in the proportion to which the negligence or culpable conduct attributable to parties other than ATLAS AIR bears to the negligence or culpable conduct which caused the damage.

**SIXTH AFFIRMATIVE DEFENSE**

6.  Plaintiffs' damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by ATLAS AIR or any person or entity for whom ATLAS AIR is responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

7.  The damages allegedly sustained by Plaintiffs were caused or contributed to by decedent's own negligence or culpable conduct and, therefore, ATLAS AIR is not liable for any damages allegedly sustained by Plaintiffs, or, alternatively, ATLAS AIR's liability to Plaintiffs is partial only and should be reduced in accordance with applicable law.

**EIGHTH AFFIRMATIVE DEFENSE**

8. ATLAS AIR asserts that if it is liable to Plaintiffs, which liability ATLAS AIR expressly denies, then ATLAS AIR is entitled to a set-off for all settlements/benefits/payments received by Plaintiffs and/or that some or all of Plaintiffs' claims may be barred as a result of settlements/benefits/payments received.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiffs' claim for punitive or exemplary damages is barred or limited by the United States Constitution, state constitutions, or other applicable law including, without limitation, Texas Civil Practice and Remedies Code § 41.008, proscriptions against double jeopardy and excessive fines and provisions assuring due process of law and equal protections of laws.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiffs' Complaint and each and every cause of action alleged in the Amended Complaint are barred, in whole or in part, because ATLAS AIR's conduct was in conformity with, and was pursuant to the applicable duty standard of care, statutes, governmental regulations and industry standards.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiffs' claims and alleged damages are limited, excluded and/or preempted by federal law, including the Federal Aviation Act of 1958, as amended (Pub. L. No. 5-726, 72 Stat. 731, formerly codified at 49 U.S.C. § 1301 *et seq*., now re-codified and incorporated into 49 U.S.C. § 40101 *et seq.)*, and the provisions of the corresponding regulations promulgated by the Federal Aviation Administration.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiffs' claims and alleged damages are limited, excluded, barred, and/or preempted by federal law, including the Airline Deregulation Act of 1978, Pub. L. No. 95-504, 92 Stat. 1705 (codified as amended at 49 U.S.C. §§ 40101-44310).

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' Complaint is premature in that it was filed and served before the completion of the investigations arising from the February 23, 2019 accident at issue, including the ongoing investigation of the accident by the NTSB.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiffs' claims must be dismissed to the extent Plaintiffs have failed to join indispensable parties.

### RESERVATION OF FURTHER DEFENSES

15.     The Complaint pertains to an accident on February 23, 2019 that currently is the subject of an ongoing investigation by the NTSB which has not yet been completed.  ATLAS AIR is a party to the NTSB investigation and under federal law (49 C.F.R. § 831.13) is prohibited at this time from releasing information concerning aviation accidents to any person not a party to the investigation without prior consultation and approval of the NTSB. Accordingly, ATLAS AIR reserves the right to assert any additional affirmative defenses as may be appropriate based upon the facts or issues disclosed during the course of additional investigation and discovery or the findings of the NTSB.

Respectfully submitted,

By: */s/ Pamela Hicks*_____
Pamela C. Hicks
Texas Bar No. 24007002
Federal ID No. 23061
3555 Timmons Lane, Suite 1000
Houston, Texas 77027
Email:  phicks@hdwlegal.com
(713) 589-2240
(713) 277-7220 (fax)

**ATTORNEY-IN-CHARGE FOR DEFENDANT ATLAS AIR, INC.**

Of Counsel:

HICKS DAVIS WYNN, PC
3555 Timmons Lane, Suite 1000
Houston, Texas 77098
(713) 589-2240
(713) 277-7220 (fax)

-and-

Andrew J. Harakas (*Pro Hac Vice* to be filed)
NY Bar No. 2221745
AH 3515
CLYDE & CO US LLP
405 Lexington Avenue
New York, New York 10174
Email: Andrew.harakas@clydeco.us
(212)710-3900
(212) 710-3950 (fax)

## **CERTIFICATE OF SERVICE**

      I certify that on April 23, 2020 a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Original Complaint has been served via the U.S. District Court's ECF system on all counsel of record as follows:

| | |
|---|---|
| Randall O. Sorrels<br>Jason F. Muriby<br>Abraham, Watkins, Nichols,<br>Sorrels, Agosto, Aziz & Stogner<br>800 Commerce Street<br>Houston, Texas 77002<br>Tel: (713) 222-7211<br>Fax: (713) 225-0827 | Dennis J. Sullivan<br>Jad J. Stepp<br>5300 Memorial Drive, Suite 620<br>Houston, Texas 77007<br>Tel: (713) 336-7200<br>Fax: (713) 336-7250 |

      /s/*Pamela C. Hicks*
      Pamela C. Hicks